### TONEFF v. STATE

Ohio Appeals, 6th Dist., Ottawa Co.

No. 96. Decided June 28, 1926

288. CONSPIRACY—Frankness and hospitality by a conspirator operating a still, actuated by a desire to prevent exposure and to enable co-conspirators to continue operation of still, is in furtherance of the conspiracy and conversation of the conspirator may be testified to.

1024. RES GESTAE—Declarations made upon discovery of the still are competent to show whether the still was in the conspirator's custody and for whom he was custodian; and is part of the res gestae.

WILLIAMS, J.

Mircho Toneff, was jointly indicted with Angelo Angeloff & Dobrie Evanoff upon the charge of manufacturing distilled intoxicating liquor. The defendants were separately tried and Toneff was sentenced in the Ottawa Common Pleas to a term of one to five years in the penitentiary.

Error was prosecuted and it was claimed that the court erred in allowing one Sophia Stroshine, a state witness, to testify to certain conversation had with Evanoff, whom she stated was operating a still at the time. The substance of her testimony was that she came upon Evanoff suddenly and in the course of conversation he stated that he was operating the still for Toneff and that if he got caught, Toneff would pay the fine.

It was specifically claimed that the testimony should not have been admitted for the reason that the conversation took place in the absence of Toneff and that the evidence was not shown to have been in furtherance of the conspiracy or under such circumstances as to be a part of the res gestae. Error was prosecuted and the Court of Appeals held:

1. It is well settled in Ohio that the state cannot show conversations with a co-conspirator who is not on trial, upon the theory that the statements were made by the co-conspirator while engaged in carrying out the unlawful undertaking, unless such statements were made in furtherance of the conspiracy. Goins v. State, 46 OS. 457.

2. From the conversation and actions of Evanoff upon being suddenly discovered operating the still the inference would arise that he acted and spoke to meet the emergency which suddenly arose and that his frankness and hospitality in offering Stoshine a drink were the result of a desire to prevent exposure and to enable him and his co-conspirators to continue the operation of the still.

3. The utterances of Evanoff were therefore in furtherance of the conspiracy.

4. The still in this case was operated under great secrecy and Evanoff's declarations upon discovery were competent to show whether the still was in his custody and for whom he was custodian. Mimms v. State, 16 OS. 221, followed.

5. The court below did not err in admitting the conversation and judgment is affirmed.

Judgment affirmed.

Attorneys—Scott Stahl, Toledo, for pltf., Don Bell, Pros. Atty., Port Clinton, for State.